IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-01229-REB-KMT

FRANK E. THURSTON,

    Plaintiff,

v.

BURLINGTON NORTHERN SANTE FE CORPORATION,
UNITED TRANSPORTATION UNION, and
UNITED TRANSPORTATION UNION GENERAL COMMITTEE OF ADJUSTMENT GO-386,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS

**Blackburn, J.**

The matters before me are (1) **Defendants United Transportation Union and United Transportation Union General Committee of Adjustment, GO-386 Motion To Dismiss Pursuant to Fed.R.Civ.Pro. 12(b)(1), (6)** [#6], filed August 17, 2007; amd (2) **United Transportation Unions [sic] Defendants' Motion To Strike Plaintiff's Surreply** [#22], filed November 20, 2007. With the consent of the magistrate judge, the previous orders of reference ([#7], filed August 17, 2007, and [#25], filed November 11, 2007, respectively) are withdrawn, and I grant the motion to dismiss and deny the motion to strike as moot.

## I. JURISDICTION

I have putative jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question).

## II. STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) may consist of either a facial or a factual attack on the complaint. ***Holt v. United States***, 46 F.3d 1000, 1002 (10th Cir. 1995). Defendants' motion goes beyond the allegations of the complaint to challenge the facts on which subject matter jurisdiction rests, and, thus, constitutes a factual attack on the sufficiency of plaintiff's complaint. I, therefore, do not presume the truth of the allegations of the complaint. ***Sizova v. National Institute of Standards & Technology***, 282 F.3d 1320, 1324 (10th Cir. 2002). I have "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." ***Holt***, 46 F.3d at 1003.[1]

## III. ANALYSIS

Plaintiff is a member of the United Transportation Union ("UTU" or "the union"),[2] which is the certified representative of train service employees of plaintiff's employer, Burlington Northern and Santa Fe Railway Company ("BNSF"). Under the terms of the collective bargaining agreement ("CBA") between the union and BNSF, employees are entitled to receive "productivity fund shares" for working certain assignments. A report on the number of shares to which an employee is entitled is issued annually on October 31. Under the terms of the CBA, an employee who believes he or she has been not properly

---

[1] The consideration of such materials does not convert the motion into one for summary judgment except in circumstances not relevant here. ***See Pringle v. United States***, 208 F.3d 1220, 1223 (10th Cir. 2000) (12(b)(1) motion should be treated as motion for summary judgment if "the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim").

[2] Defendant United Transportation Union General Committee of Adjustment ("GCA") is a semi-autonomous mid-level body made up of the local chairpersons of each local under the jurisdiction of the GCA. The GCA is the final authority for grievance handling for UTU.

credited shares is required to notify BNSF and the union.

In November, 2006, plaintiff notified BNSF that he had been shorted four shares. When the parties were unable to resolve their differences over the matter, plaintiff filed a claim, which BNSF denied. The dispute was then referred to UTU General Chairperson, John Fitzgerald, for resolution. Fitzgerald is still handling the matter, whicih apparently affects a number of other employees in addition to plaintiff, and the grievance process has not yet reached a conclusion.

In the meantime, on June 6, 2007, plaintiff filed a charge of discrimination with the EEOC. He alleged that he had been discriminated against on the basis of his religion and retaliated against for reporting safety issues. He received a notice of right to sue on June 15, 2007.

Giving plaintiff's *pro se* complaint the liberal reading to which it is entitled, **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991), he has asserted claims for breach of the duty of fair representation under of the Railway Labor Act ("RLA"), 45 U.S.C. § 151, *et seq.*, retaliation in violation the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20109, and age and disability discrimination.[3] Defendants have moved to dismiss, claiming that plaintiff has failed to exhaust his administrative remedies under these statutes.[4] I agree,

---

[3] In his response to the motion to dismiss, plaintiff asks that he be allowed to add a claim of gender discrimination under the Equal Pay Act. Procedurally, this request is improper under the Local Rules of this District, and is subject to denial on that basis alone. **See D.C.COLO.LCivR** 7.1C ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper."). Substantively, nothing in the complaint suggests that plaintiff has a viable EPA claim, as he nowhere alleges facts implying that the shortage in his productivity fund shares was in any way related to his gender. **See** 29 U.S.C. § 206(d)(1); **Sprauge v. Thorn Americas, Inc.**, 129 F.3d 1355, 1364 (10th Cir. 1997) (setting forth elements of an EPA claim).

[4] After this matter was fully briefed, plaintiff filed a surreply to defendants' reply. (**See Plaintiff's Response to Reply of Defendants' [sic] United Transportation Union, and United Transportation Union General Committee of Adjustment GO-386 to Plaintiff's Opposition to Defendants' Motion To Dismiss** [#17], filed November 9, 2007.) The Local Rules of this district do not contemplate surreplies, no

and, therefore, grant the motion.

With respect to plaintiff's claims of age and disability discrimination, and assuming *arguendo* that the charge of discrimination plaintiff filed with the EEOC included the present defendants,[5] plaintiff nevertheless has failed to exhaust his administrative remedies. **See MacKenzie v. City and County of Denver**, 414 F.3d 1266, 1274 (10th Cir. 2005) (requiring exhaustion as to claim under the Americans With Disabilities Act); **Seymore v. Shawver & Sons, Inc.**, 111 F.3d 794, 799 (10th Cir.) (same as to claim under the Age Discrimination in Employment Act), **cert. denied**, 118 S.Ct. 342 (1997), **abrogated on other grounds as noted in Dunlap v. Kansas Department of Health and Environment**, 127 Fed. Appx. 433, 438 (10th Cir. 2005). In his charge of discrimination, plaintiff expressly checked the boxes on the form indicating that he was asserting claims for religious discrimination and retaliation. Such an election created a presumption that plaintiff was not asserting claims represented by the boxes he did not mark. **Gunnell v. Utah Valley State College**, 152 F.3d 1253, 1260 (10th Cir. 1992). The narrative description of plaintiff's claims does not rebut this presumption. **See id**. Nothing in those allegations can be construed as asserting either an age or a disability discrimination claim. Because plaintiff has failed to exhaust his administrative remedies

---

matter how entitled by the submitting party, **see D.C.COLO.LCivR** 7.1C, and plaintiff neither sought nor obtained leave to file a surreply in this matter. Plaintiff's *pro se* status does not give him license to ignore the rules of this court. **See Nielsen v. Price**, 17 F.3d 1276, 1277 (10th Cir. 1994); **Vibe Technologies, LLC v. Suddath**, 2006 WL 3404811 at *3 (D. Colo. Nov. 22, 2006). However, because the surreply merely regurgitates the same arguments advanced in plaintiff's original response to the motion to dismiss, I see no compelling reason to strike it. Rather, I will simply deny defendants' motion to strike as moot.

[5] In the charge plaintiff has proffered as an exhibit the names of the union and the GCA and claims against them were written in what I assume is plaintiff's handwriting, despite the fact that the remainder of the charge was typed. It is unclear whether the handwritten notations were part of the document submitted to the EEOC for its consideration. It is not necessary to resolve this evidentiary issue, however, as plaintiff has failed to exhaust his administrative remedies as to these claims in any event.

as to the discrimination claims raised in the complaint, I lack jurisdiction to consider them. *Seymore*, 111 F.3d at 799. Accordingly, defendants' motion to dismiss those claims must be granted.

Similarly, plaintiff has failed to exhaust his administrative remedies under the FRSA.[6] A claim under this statute must be brought in the first instance by filing a complaint with the Secretary of Labor, 49 U.S.C. § 20109(c)(1), within 180 days of the alleged violation, *id.* § 20109(c)(A)(ii).[7] Resort to the federal district court may be had only if the Secretary does not issue a final decision within 210 days of the filing of the complaint, *id.* § 20109(c)(3), and when the Secretary has issued a final order, appeal must be taken directly in the appropriate court of appeals, *see id*. §§ 20109(c)(4) & 42121(b)(4)(A). Plaintiff's complaint contains no allegation that this claim was presented in accordance with these procedures. Accordingly, the motion to dismiss as to this claim also should be granted.

Finally, I lack jurisdiction over plaintiff's fair representation claim under the RLA. Plaintiff's allegation that his productivity fund shares were improperly calculated clearly constitutes a "minor dispute" under the RLA. **See Consolidated Rail Corp. v. Railway Labor Executives' Ass'n**, 491 U.S. 299, 303, 109 S.Ct. 2477, 2480-81, 105 L.Ed.2d 250 (1989) (quoting **Elgin, J. & E.R. Co. v. Burley**, 325 U.S. 711, 723, 65 S.Ct. 1282, 1289-1290, 89 L.Ed. 1886 (1945)) (minor dispute under RLA "'contemplates the existence

---

[6] This of course assumes *arguendo* that UTU and the GCA are even subject to the provisions of the FRSA. *See* 49 U.S.C. § 20109(a)(1) (providing that railroad carriers, contractors or subcontractors of a railroad carrier, or officer or employees of railroad carriers may not discriminate against an employee for, *inter alia*, good faith report of railroad safety violations); *see also id.* §§ 10102(2) (defining "railroad carrier" as "a person providing railroad transportation) & 10102(5) (defining "rail carrier" as "a person providing common carrier railroad transportation for compensation").

[7] Plaintiff appears to have filed a claim with BNSF (*see* Plf. Resp. at 5, ¶ M & App., Exh. 14), but nothing in the complaint suggests that he followed the proper procedures under the FRSA.

of a collective agreement already concluded or, at any rate, a situation in which no effort is made to bring about a formal change in terms or to create a new one. The dispute relates either to the meaning or proper application of a particular provision with reference to a specific situation or to an omitted case.'"). A minor dispute must first be handled through the grievance procedures contained in the parties' collective bargaining agreement, after which it may be submitted to arbitration before the National Railroad Adjustment Board, which has exclusive jurisdiction. **See** 45 U.S.C. § 153(i); **see also Brotherhood of Locomotive Engineers v. Louisville & N.R.R. Co.**, 373 U.S. 33, 38, 83 S.Ct. 1059, 1062, 10 L.Ed.2d 172 (1963) (noting that arbitration is the "mandatory, exclusive, and comprehensive system" for resolving minor disputes).

An employee at least must attempt to use and exhaust the contractual grievance procedure before seeking judicial review of his claim by way of a fair representation claim. **See Republic Steel Corp. v. Maddox**, 379 U.S. 650, 652-53, 85 S.Ct. 614, 616-17, 13 L.Ed.2d 580 (1965). The grievance that forms the basis of plaintiff's complaint is still being processed,[8] and although there are limited exceptions to the exhaustion requirement, *see* **Glover v. St. Louis-San Francisco Railway Co.**, 393 U.S. 324, 330, 89 S.Ct. 548, 552, 21 L.Ed.2d 519 (1969); **Vaca v. Sipes**, 386 U.S. 171, 185-86, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967), the complaint alleges no facts that would bring this case within any of them.[9] For these reasons, defendants' motion to dismiss this claim also

---

[8] The fact that the processing of plaintiff's grievance has been delayed presents no basis for concluding that he has exhausted his administrative remedies. It is for the NRAB in the first instance to determine whether any such delay entitles plaintiff to the relief he seeks.

[9] Nothing in the complaint suggests that resort of administrative remedies "would be wholly futile" in the sense contemplated by **Glover**, 89 S.Ct. at 552. Nor is there any allegation that fairly can be read to suggest that BNSF has repudiated the remedial procedures prescribed by the CBA. **See Vaca**, 87 S.Ct. at 914. Finally, although exhaustion may be excused when the union has "sole power" under the CBA to invoke upper level grievance procedures but wrongfully refuses to process the employee's grievance, *id*.,

must be granted.

    **THEREFORE, IT IS ORDERED** as follows:

  1. That the orders of reference([#7], filed August 17, 2007, and [#25], filed November 11, 2007, respectively) are **WITHDRAWN**, with the consent of the United States Magistrate Judge;

  2. That **Defendants United Transportation Union and United Transportation Union General Committee of Adjustment, GO-386 Motion To Dismiss Pursuant to Fed.R.Civ.Pro. 12(b)(1), (6)** [#6], filed August 17, 2007, is **GRANTED**;

  3. That plaintiffs' claims against defendants United Transportation Union and United Transportation Union General Committee of Adjustment, GO-386, are **DISMISSED WITHOUT PREJUDICE**;

  4. That defendants United Transportation Union and United Transportation Union General Committee of Adjustment, GO-386, are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly; and

  5. That **United Transportation Unions [sic] Defendants' Motion To Strike Plaintiff's Surreply** [#22], filed November 20, 2007, is **DENIED AS MOOT**.

  Dated February 22, 2008, at Denver, Colorado.

            **BY THE COURT:**

            **s/ Robert E. Blackburn**
            **Robert E. Blackburn**
            **United States District Judge**

---

the CBA here specifically gives employees a co-equal right to invoke upper level grievance procedures. (*See* Def. Motion App., Fitzgerald Decl. Exh. 1, ¶ 71(D).)